VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF PORTSMOUTH

URSULA MILES,

     Plaintiff,

       v.                                  Case No. _3134_

                                            JURY TRIAL DEMANDED

RANDOLPH COPELAND

and

FAITH IN GOD INC.,
d/b/a FAITH IN GOD TRANSPORTATION
35 Beechdale Road, Suite C
Portsmouth, Virginia 23702

     Defendants.

     SERVE:     Randolph Copeland
                    122 Niblick Circle
                    Suffolk, VA 23434

     SERVE:     Miriam S. Copeland, Registered Agent of Faith in God Inc.
                    122 Niblick Circle
                    Suffolk, VA 23434

## COMPLAINT

     NOW COMES the plaintiff, Ursula Miles, by counsel, and hereby moves the honorable judges of the Circuit Court for the City of Portsmouth, Virginia, for judgment against the defendants, Randolph Copeland and Faith In God Inc., d/b/a/ Faith In God Transportation, jointly and severally, for compensatory and punitive damages, and as grounds therefor respectfully avers as follows:

     1.     The plaintiff, Ursula Miles ("Miles"), is a natural person, a citizen of the

1



EXHIBIT

A

Commonwealth of Virginia, and resident of the City of Norfolk, who at all relevant times alleged herein was an employee of the defendant Faith in God Inc. d/b/a Faith In God Transportation.

2.    The defendant Randolph Copeland ("Copeland") is a natural person, citizen of the Commonwealth of Virginia, and resident of the City of Suffolk, Virginia, who at all times alleged herein was an owner, director, manager, and/or employee, of the defendant Faith In God Inc., d/b/a Faith In God Transportation.

3.    All of Copeland's acts and omissions herein described were done within the course and scope of his employment with, ownership of, and/or directorship of, the defendant Faith in God Inc. d/b/a Faith In God Transportation.

4.    The defendant Faith In God Inc. d/b/a Faith In God Transportation ("Faith in God"), is a Virginia Corporation, with its principle place of business at 35 Beachdale Road, Suite C, in the City of Portsmouth, Virginia 23702.

5.    The acts and omissions giving rise to Plaintiff's causes of action against the defendants all occurred in the City of Portsmouth, Virginia.

6.    Miles was employed from approximately May 2008 through June 15, 2009 by Faith In God as an administrative assistant. The plaintiff was directly recruited by Copeland to come work for Faith in God, while she was working at Marina Transport which Copeland visited from time-to-time.

7.    One term of Miles' employment with Faith in God was that she would not be sexually harassed in the workplace or otherwise discriminated against on the basis of her sex or gender. Another term of her employment was that she would not be assaulted, battered, or molested by company directors or members of management in the workplace. Another term of

2

her employment was that she would not be discharged, either directly or constructively, from her employment in violation of the public policy of the Commonwealth of Virginia, nor otherwise wrongfully discharged.

8. At all relevant times alleged herein, the plaintiff performed her duties as an employee in a reasonable manner, loyal, dedicated, and satisfactory.

9. During Miles' employment with Faith in God, Copeland terrorized, abused, humiliated, degraded, and exploited Miles, and made unwelcome sexual advances, requests for sexual favors, and other verbal and physical conduct of a sexual nature, by various words and acts, including but not limited to: making sexually suggestive remarks throughout the employment; making repeated, unsolicited, and unwanted offers to take Miles shopping, etc.; touching his groin area in Miles' presence; and grabbing Miles' breasts from behind and stating "oh my goodness you are so soft" (or words to that effect), for which Copeland was convicted of assault and battery in violation of Va. Code § 18.2-57 by the Circuit Court for the City of Portsmouth on October 2, 2009.

10. Miles repeatedly and vigorously and consistently protested the foregoing behavior, to no avail.

11. As a consequence of the foregoing abuse, the plaintiff over a period of months lost sleep, cried, became depressed, had headaches, became nervous and impatient at home, was constantly excessively anxious, all to an extreme and serious degree.

12. On or after June 15, 2009, Plaintiff permanently resigned her employment because of the ongoing sexual harassment, and serious emotional distress she was experiencing as a result of the sexually hostile environment of the work place; this resignation constituted constructive

3

discharge and wrongful termination.

13. As a direct and proximate result of Copeland's and/or Faith in God's actions and omissions, Miles has been prevented from transacting her business, has sustained serious and permanent injuries, both physical and emotional, has suffered severe emotional distress, has suffered and will continue to suffer great pain of body and in mind, has suffered shame, humiliation, embarrassment, and indignity to her feelings, and has and will incur in the future hospital, doctors and related bills in an effort to be cured of these injuries.

## Count I: Sexual Harassment
### (Defendant Faith in God)

14. Plaintiff incorporates by reference all of the allegations appearing elsewhere in this complaint.

15. Submission by the plaintiff to the unwelcome sexual advances, requests for sexual favors, and other verbal and physical conduct of a sexual nature by the defendant Copeland, was explicitly or implicitly made a term or condition of the plaintiff's continued employment with Faith in God; or submission to or rejection of the defendant Copeland's conduct by the plaintiff was used as the basis for employment decisions affecting the plaintiff; or the defendant Copeland's conduct had the purpose or effect of unreasonably interfering with the plaintiff's work performance or creating an intimidating, hostile, or offensive working environment.

16. The defendant Faith in God, by and through its director and manager Copeland, and other agents or supervisory employees, knew or should have known of the defendant Copeland's conduct, and it did not take immediate and appropriate corrective action.

4

17.    Said sexual harassment proximately caused damage to the plaintiff.

### Count II: Battery
### (both defendants)

18.    Plaintiff incorporates by reference all of the allegations appearing elsewhere in this complaint.

19.    On June 15, 2009, the defendant Copeland intentionally touched the plaintiff, and said touching was unwanted by the plaintiff, and said touching was without justification, excuse, or the plaintiff's consent.

20.    Said battery proximately caused damage to the plaintiff.

### Count III: Intentional Infliction of Emotional Distress
### (both defendants)

21.    Plaintiff incorporates by reference all of the allegations appearing elsewhere in this complaint.

22.    Throughout the course of her employment, the plaintiff was the victim of systematic harassment by the defendant Copeland, who intended his specific conduct, and who knew, or should have known, that his conduct would likely result in emotional distress; and the defendant Copeland's conduct was outrageous and intolerable in that it offends generally accepted standards of decency and morality; and as a proximate result the plaintiff suffered severe emotional distress.

23.    Said intentional infliction of emotional distress proximately caused other damage to the plaintiff.

5

**Count IV: Wrongful Discharge and Discharge in Violation of Public Policy**
**(Defendant Faith in God)**

24. Plaintiff incorporates by reference all of the allegations appearing elsewhere in this complaint.

25. The plaintiff's constructive discharge by her employer was wrongful; it also was in violation of the public policy of the Commonwealth of Virginia, which prohibits discrimination in employment on the basis of sex or gender (to include sexual harassment), as expressed in the Virginia Human Rights Act, Va. Code §§ 2.2-2639, 2.2-3900 - 2.2-3902, and Title VII of the U.S. Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*, and 29 C.F.R. 1604.11) which is incorporated by reference in Va. Code §§ 2.2-2639(D).

26. Said wrongful discharge and discharge in violation of public policy proximately caused damage to the plaintiff.

**Count V: Breach of Contract**
**(Defendant Faith in God)**

27. Plaintiff incorporates by reference all of the allegations appearing elsewhere in this complaint.

28. The defendants' constructive termination of Ms. Miles was in breach of her contract of employment which included implied contractual terms assuring her that she would be provided equal opportunity irrespective of her sex with respect to the terms and conditions of her employment, and that she would not be terminated in violation of public policy, and that she would not otherwise be wrongfully discharged from her employment, either directly or constructively.

6

29.    Said breach of contract proximately caused damage to the plaintiff.

## Count VI: Punitive Damages for Breach of Contract
## Accompanied by Willful and Independent Tort
## (Defendant Faith in God)

30.    Plaintiff incorporates by reference all of the allegations appearing elsewhere in this complaint.

31.    The sexual harassment, battery, intentional infliction of emotional distress, wrongful discharge, and discharge in violation of public policy, any or all of them, constituted willful tortuous acts upon the plaintiff as well as a breach of the plaintiff's contract of employment, entitling the plaintiff to an award of punitive damages.

## Count VII: General Punitive Damages
## (both defendants)

32.    Plaintiff incorporates by reference all of the allegations appearing elsewhere in this complaint.

33.    The sexual harassment, battery, intentional infliction of emotional distress, wrongful discharge, and discharge in violation of public policy, any or all of them, were done with actual malice toward the plaintiff, or were done under circumstances amounting to a willful and wanton disregard to the plaintiff's rights, causing her damage, and entitling her also to an award of punitive damages.


WHEREFORE, the plaintiff, Ursula Miles, demands judgment against the

7

defendants, Randolph Copeland and Faith In God Inc. d/b/a Faith In God Transportation, jointly and severally, in the sum of Two Million Dollars ($2,000,000) in compensatory damages, and Three-Hundred Fifty-Thousand Dollars ($350,000) in punitive damages, together with her attorneys' fees and costs, and interest from June 15, 2009 until paid as allowed by law on all sums awarded; further, the plaintiff demands trial by jury on all issues triable of right by a jury.

Respectfully submitted,

URSULA MILES

By:_____
Of Counsel

Jeremiah A. Denton III, Esq.
VSB #19191
David A. Buzard, Esq.
VSB #41175
JEREMIAH A. DENTON III, P.C.
477 Viking Drive, Suite 100
Virginia Beach, VA 23452
757/340-3232

8